*U.S. Department of Justice*

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 19, 2019

**BY ECF & ELECTRONIC MAIL**
The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
United States Courthouse
500 Pearl Street
New York, New York 10007

    Re:  *United States v. Suzanne Seggerman*, 10 Cr. 948 (PKC)

Dear Judge Castel:

    The Government respectfully submits this letter and resubmits its letter dated August 28, 2014, previously filed with the Court on or about that date, to advise the Court of the pertinent facts concerning the assistance that defendant Suzanne Seggerman has rendered in the investigation and prosecution of other persons.  In light of these facts, and assuming that Seggerman continues to comply with the terms of her cooperation agreement, commits no additional crimes before sentencing, and appears for her sentencing as scheduled, the Government intends to move at sentencing, pursuant to Section 5K1.1 of the Sentencing Guidelines, that the Court sentence Seggerman in light of the factors set forth in Section 5K1.1(a)-(5) of the Guidelines.

    Ms. Seggerman's sentencing is scheduled for June 26, 2019 at 11:00 am.

    Suzanne Seggerman's case is related to the prosecution of Michael Little (12 Cr. 647 (PKC)), who was tried for and found guilty of obstructing the administration of the internal revenue law, conspiracy, failure to file individual income tax returns, willful failure to file reports of foreign bank and financial accounts, and aiding and assisting the preparation of false IRS Forms 3520, before your Honor and a jury in 2018.  As described below, Suzanne Seggerman testified at that trial.

    This letter is intended to supplement the Government's August 28, 2014 letter, which was filed prior to the originally scheduled sentencing date of September 9, 2014.  The Government's August 28, 2014 letter, which we have attached to this letter for the Court's convenience, describes in detail Seggerman's offense conduct and background relating to the undeclared foreign account in which she held her inheritance from her father and the methods by which she accessed that account and repatriated hundreds of thousands of dollars into the United States without detection from the IRS.  That letter also describes in great detail Seggerman's cooperation with and assistance to the Government in the investigation of her own family members, Walter Müllhaupt,

and Michael Little. In this letter, we describe Seggerman's cooperation with and assistance to the Government since August 2014.

As noted in our August 28, 2014 letter, Seggerman began cooperating with the Government in January 2010, a few weeks after she was first contacted by IRS agents and served with three grand jury subpoenas, which sought information relating to her foreign bank account. Although not having been charged with any criminal offenses at that time, she made the difficult decision to come forward and disclose all she knew about her own criminal conduct and that of others, including her own family members. That cooperation led directly to the cooperation and guilty pleas of her siblings Henry, Yvonne, and Edmund John Seggerman, and to the return of an indictment and superseding indictments against Michael Little.

### Seggerman's Post-August 2014 Cooperation

In anticipation of her expected trial testimony in the Little case, starting in January 2018 and continuing until the start of that trial, Seggerman met with the Government on a number of occasions to prepare for her trial testimony. During each of those meetings, Seggerman reviewed numerous emails and other documents and engaged in lengthy discussions with the Government about her own criminal conduct and her dealings with her mother, siblings, Little, Müllhaupt, and Robert Gordon. During those meetings, as she had been throughout her cooperation with the Government, Ms. Seggerman was at all times forthright with respect to all matters. Given the passage of time since the start of the criminal conduct at issue in the Little trial, Seggerman worked diligently to recall as much as she could about those matters and to accurately describe her conduct and that of others, including Little's. She was careful in those trial preparation sessions to clarify the facts and information she had a clear recollection about and those matters about which she was no longer certain.

As the Court will recall, Ms. Seggerman testified at the trial of Michael Little on March 26 and 27, 2018. We believe her testimony was complete, truthful, credible, and essential to proving the Government's case.

During her trial testimony, Seggerman fully disclosed her participation in a conspiracy to defraud the IRS and in the filing of false individual income tax returns and the roles that others played in committing those crimes. She also described the extent of her knowledge of her father's financial holdings and how she came to learn after his death that a sizeable amount of his estate was held in offshore foreign accounts. Some of her most significant testimony concerned the August 8, 2001 meeting at the Four Seasons Hotel in Manhattan attended by her, her mother and three of her siblings, Müllhaupt, and Little. She testified that Little played a significant role in the meeting and, among other things, advised the Seggermans of the amount of money held offshore that they would each be inheriting and admonished them not to report those monies to the IRS. She also testified that Little advised the Seggermans that if they wanted to bring a portion of those monies in cash back into the United States that they should do so in amounts less than $10,000 or in the form of art, jewelry, or intellectual property. Seggerman recalled that at one point in the meeting, she told Little that she was interested in purchasing real estate in the Washington, D.C. area with the monies she was to receive in order to facilitate visits with a seriously ill stepchild living in that area. In response, Little advised her that an accountant named Bob Gordon would

be able to assist her in doing that without disclosing the incoming transfer of offshore funds to the IRS.

Seggerman testified that she subsequently followed Little's advice and employed Gordon and Müllhaupt to repatriate hundreds of thousands of dollars from her undisclosed offshore account to purchase a home in Maryland, accessing the offshore monies through a sham mortgage loan. She also testified about the other ways she used or brought monies from her offshore account into the United States that avoided IRS detection.

It is worth noting that during several parts of his cross-examination of Seggerman, Little accused her of lying to the jury and the Court. On each occasion, Seggerman maintained her composure and simply provided truthful responses to Little's questions.

### The Section 5K1.1 Factors

Seggerman's cooperation has been substantial in all respects. As the first cooperation witness to assist the Government, beginning shortly after she was approached by IRS agents, her cooperation was significant and extremely useful in the investigation and prosecution of all those who participated in the scheme to hide millions of dollars from the U.S. government in order to avoid tax obligations. She provided the Government with a wealth of information that was unknown to the Government before she began her cooperation. Having decided to cooperate in short order after having been approached by the agents, her cooperation was timely and enabled the Government to identify and develop evidence against others. Seggerman's information was at all times, from the start of her cooperation in January 2010 to the present, truthful, complete, and reliable. And finally, Seggerman's cooperation, through her numerous meetings with the Government and through her trial testimony, was substantial.

### Conclusion

The Government respectfully submits that Seggerman's assistance was "significan[t] and useful[ ]" to the Government in its investigation and prosecution of Michael Little and her siblings, Henry, Yvonne, and Edmund John Seggerman. *See* U.S.S.g. § 5K1.1(1). Accordingly, in light of the facts set forth above, and assuming that the defendant continues to comply with the terms of her cooperation agreement, commits no additional crimes before the sentencing, and appears for

her sentencing as scheduled, the Government intends to move at sentencing, pursuant to Section 5K1.1 of the Sentencing Guidelines, and request that the Court sentence Seggerman in light of the factors set forth in Section 5K1.1(a)-(5) of the Guidelines.

        Respectfully submitted,

        GEOFFREY S. BERMAN
        United States Attorney

  by: __s/Andrew S. Dember_____
      Andrew S. Dember/Christopher DiMase/
      Dina McLeod
      Assistant United States Attorneys
      (212) 637-2563/2433/1040

cc: Russell Gioiella, Esq.  (By ECF)
    U.S. Probation Officer Tandis Farrence (by email)